# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| | |
|---|---|
| Dayle James, | ) |
|     Plaintiff, | ) 3:17-cv-00046 JWS |
| vs. | ) ORDER AND OPINION |
| General Dynamic Corp., et al., | ) [Re: Motions at Dockets 17, 45, & 46] |
|     Defendants. | ) |

## I. MOTIONS PRESENTED

At docket 17 defendant Tote Maritime Alaska, Inc. ("Tote")[1] moves pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure for an order dismissing plaintiff Dayle James' ("James") claims against it. The declarations of Grace Greene and Hugh L. Simpson supporting the motion are at dockets 19 and 20, respectively. James opposes at docket 30, and her lawyer's declaration is at docket 31. Tote replies at docket 43.

After the motion was fully briefed, James filed two motions to supplement her opposition with evidence she obtained in discovery. At docket 45 James filed a "Motion to Permit Filing of Descovery [sic] Documents From General Dynamics Defendants In Support of Plaintiff's Opposition to [Tote's] Motion to Dismiss." At docket 46 she filed a

---

[1] Defendant Tote, Inc. was originally a moving party, but it has since been dismissed from this case. Doc. 33.

"Motion to Permit Filing of Descovery [sic] Responses of [Tote]." Tote opposes both motions at docket 47. James did not reply.

Oral argument was not requested and would not assist the court's resolution of the motions.

## II.  BACKGROUND

According to the complaint, Tote operated a ship that in March 2015 transported Army Stryker vehicles from the west coast of the United States to Anchorage. The Strykers were offloaded at the Port of Anchorage onto rail cars for transportation to Joint Base Eielson-Wainwright. Charlie Thomas James, Jr. ("Mr. James") was a longshoreman tasked with guiding the vehicles onto the rail cars. James contends that the breaks on one of the vehicles failed, causing it to crush Mr. James between two Stryker vehicles, killing him.

Tote moves to dismiss, arguing that this court lacks subject matter jurisdiction and, alternatively, that James' complaint fails to state a claim upon which relief can be granted. The court cannot reach Tote's latter argument because it lacks subject matter jurisdiction.[2]

## III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows a party to seek dismissal of an action for lack of subject matter jurisdiction. The plaintiff then bears the burden of proving jurisdiction.[3] There are two types of Rule 12(b)(1) jurisdictional attacks: facial and factual.[4] "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a

---

[2]*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'") (qutoing *Ex parte McCardle*, 74 U.S. 506, 514 (1868)).

[3]*Tosco v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2000).

[4]*White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."[5]

Where the defendant brings a facial attack, the court assumes the factual allegations in the plaintiff's complaint are true and draws all reasonable inferences in the plaintiff's favor.[6] But the court does not accept the truth of legal conclusions cast in the form of factual allegations.[7]

Where the defendant brings a factual attack, "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment."[8] "It also need not presume the truthfulness of the plaintiffs' allegations."[9] "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."[10]

Tote's motion brings a facial jurisdictional attack to James' complaint. As such, there is no need to consider evidence beyond the complaint. James' motions at dockets 45 and 46 are denied.

## IV. DISCUSSION

James asserts that admiralty jurisdiction lies over her claims against Tote. To invoke federal admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1), James "must

---

[5]*Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

[6]*Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009).

[7]*Id.*

[8]*Meyer*, 373 F.3d at 1039.

[9]*White*, 227 F.3d at 1242 (citations omitted).

[10]*Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

-3-

satisfy conditions both of location and of connection with maritime activity."[11] The location condition traditionally asked "whether the tort occurred on navigable waters. If it did, admiralty jurisdiction followed; if it did not, admiralty jurisdiction did not exist."[12] A second way to satisfy the location condition emerged from the Extension of Admiralty Jurisdiction Act, which provides that "[t]he admiralty and maritime jurisdiction of the United States extends to and includes cases of injury or damage, to person or property, caused by a vessel on navigable waters, even though the injury or damage is done or consummated on land."[13] Taken together, these two tests ask "whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water."[14]

The court need not consider whether the second condition (connection with maritime activity) is satisfied because James' complaint fails to satisfy the location condition. James argues that Tote's tort occurred aboard the ship when it "became aware of the defective brakes," but failed to alert the stevedore in Anchorage.[15] James cites no authority in support of this argument because the caselaw is contrary: The location of the tort is the location of the injury.[16] Here, the complaint alleges that the injury occurred on land (and was not caused by a vessel on navigable waters).[17]

---

[11] *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995).

[12] *Id.* at 531–32.

[13] 46 U.S.C. § 30101(a).

[14] *Grubart*, 513 U.S. at 534.

[15] Doc. 30 at 9.

[16] *See Guidry v. Durkin*, 834 F.2d 1465, 1469 (9th Cir. 1987) ("Where it is clear that tortious *injury* occurs solely ashore, the federal courts are generally without admiralty jurisdiction.") (emphasis added).

[17] Doc. 5 at 4 ¶ 13 ("Charlie Thomas James, Jr., at the time of his death, had been given the job of guiding the Stryker vehicles on the rail cars (2 per rail car) to the point where they would be chained or strapped down to the rail car. This required James to positon [sic] himself

Admiralty jurisdiction does not lie.  James' claims against Tote will be dismissed without prejudice.[18]

### V.  CONCLUSION

Based on the preceding discussion, the motion at docket 17 is GRANTED and the motions at dockets 45 and 46 are DENIED.  James' claims against Tote Maritime Alaska Inc. are hereby dismissed for lack of subject matter jurisdiction without prejudice to James' ability to pursue them in state court.

DATED this 7th day of August 2017.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT

---

in front of the Stryker vehicle so the driver could observe his signals, due to the limited visibility of the Stryker driver.").

[18]*See Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) ("Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court.").

-5-